**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3204
_____

HER TOU YANG,
                                 Petitioner

v.

U.S. ATTORNEY GENERAL

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-612-745)
Immigration Judge:  William H. McDermott

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2026

Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: April 8, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Her Tou Yang petitions for review of a decision by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition for review.

Yang, a citizen of Laos, entered the United States in 1992 as a refugee and later adjusted his status to that of a lawful permanent resident. After being convicted of drug trafficking and firearm charges, Yang was charged as removable as an aggravated felon, for having been convicted of a controlled substance offense, and for having been convicted of a firearms offense. An Immigration Judge ("IJ") sustained the charges of removability, and Yang applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). After a hearing, at which Yang proceeded pro se, the IJ found Yang ineligible for asylum or withholding due to his convictions and denied CAT relief.

The IJ found that Yang had failed to show that it was more likely than not that he would be tortured at the hands of a government actor or with the acquiescence of a public official if removed to Laos. The IJ found him credible with a subjective fear of removal but that his fear was not objectively supported. He addressed the four bases of possible future torture that Yang asserted.

The IJ noted that the evidence showed that there are some significant issues affecting practicing Christians in Laos but that this did not establish a risk of *torture*. As for Yang's claim that he would be tortured because his father was allegedly a CIA agent, the IJ observed that no evidence was provided beyond Yang's belief that his father was

with the CIA and that there was no evidence that the Laotian government would know or torture Yang because of his father's work with the CIA.

Yang also suggested that his last name will be associated with a particular Hmong clan that is involved with a lawsuit against Laos before the United Nations. The IJ found that Yang had not shown that he would be tortured if he were to be associated with the lawsuit. Finally, the IJ rejected Yang's claim that he would be at risk of torture as a Hmong person from the United States. Considering the four grounds in the aggregate, he concluded that Yang had not shown that he would more likely than not experience harm that would constitute torture.

Yang appealed. The BIA concluded that the IJ's factual findings were not clearly erroneous and agreed that Yang had not met his burden for relief. Yang then filed his petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. To establish his CAT claim, Yang had to show that he is "more likely than not" to be tortured "by, or at the instigation of, or with the consent or acquiescence of" a Laotian public official. 8 C.F.R. §§ 1208.16(c)(2); 1208.17(a); 1208.18(a)(1); *Sevoian v. Ashcroft*, 290 F.3d 166, 174-75 (3d Cir. 2002). In evaluating a CAT claim, the agency must first determine whether it is more likely than not that the applicant would be tortured if removed. This question involves both a factual finding of what is likely to happen to the applicant and the legal question of whether it constitutes torture. *Quinteros v. Att'y Gen.*, 945 F.3d 772, 786-87

3

(3d Cir. 2019). The agency then determines how public officials will respond, including whether public officials will acquiesce in any torture. *Id.* at 786. This Court reviews the agency's factual findings for substantial evidence. Thus, the agency's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)).

In his brief, Yang argues that converts to Christianity are subject to violations of their rights, beatings, and expulsion from their villages. He asserts that authorities fail to respond to the attacks. Yang did not argue this before the IJ. In any event, the IJ noted that Christianity is one of four officially recognized religions in Laos and found that the mistreatment Christians might face in Laos, as described in the United States Department of State 2023 Report on International Freedom in Laos, does not rise to the level of torture. Yang does not point to any evidence that compels a finding that he would likely face torture in Laos as a Christian.

Yang also states that his father and uncle assisted the CIA in Laos during the Vietnam War and that this will lead to his torture or killing as a family member of an enemy collaborator. However, he does not point to any evidence *in the record* that would compel a finding that anyone in Laos would know of his family members' involvement and would torture Yang for it with the acquiescence of a public official. While Yang cites to evidence referred to in decisions from other Courts of Appeals from 2012 and

4

2007, we may decide a petition for review only on evidence in the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A).

Yang further asserts that his Hmong tribe is considered an enemy by the Laotian government and points to a 2007 indictment against Hmong persons in the United States for trafficking weapons. Even if we could consider this information that is not in the record, the alleged crimes of other Hmong persons do not compel a finding that Yang will be tortured for being Hmong.

Yang contends that the IJ found him credible but failed to give him the opportunity to provide corroboration. He correctly argues that an applicant's credible testimony *may* be sufficient to sustain his burden of proof. *See Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005). Here, the IJ found that Yang's testimony was not sufficient by itself to establish that it is more likely than not that he will be tortured in Laos.

Yang argues generally that the IJ did not give him the opportunity to provide additional information once the IJ determined corroboration was lacking. The IJ, however, did give Yang the opportunity to address the weaknesses in his claim. The IJ asked Yang to explain why he did not provide a document he claimed to have at his family's home in Wisconsin that would support his assertion that his father worked for the CIA. Yang stated he did not think that the document would be needed. In any event, the IJ assumed arguendo that Yang's father was part of the CIA but concluded that there was no evidence Yang would be tortured because of this.

Likewise, the IJ gave Yang the opportunity to explain why he did not provide a copy of the resolution/lawsuit his clan was filing against the Laotian government. The IJ also gave Yang opportunities to explain why his claim that he would be tortured as a Christian or because he is Hmong was not supported by country conditions evidence.

Yang also argues that the IJ and BIA erred by failing to aggregate the risk of torture from all sources. He claims a risk of torture from local authorities, religious leaders, village chiefs, and the central government. He did not, however, allege a fear of torture from these entities before the agency. In his application for relief, Yang stated that he feared harm from the government in Laos. During his testimony, he did not mention fearing harm from anyone but the government. In his decision, the IJ noted that Yang alleged only that he would be tortured at the hands of a government actor.[1] In his brief to the BIA, Yang did not challenge this finding. Neither the BIA nor the IJ erred in failing to aggregate the risk of torture from multiple sources that were not mentioned.[2]

Yang has not established that the BIA or IJ erred or that the record compels a finding that he is entitled to CAT relief. Accordingly, we will deny the petition for review.

---

[1] The IJ also found that Yang had not shown that he would likely be tortured at the hands of a private actor with the acquiescence of a public official.

[2] To the extent that Yang argues that the IJ failed to aggregate his risk of torture on several grounds, he is incorrect. The IJ stated he would consider the grounds individually and in the aggregate and that he had done so.